NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0048n.06

No. 14-5498

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Jan 14, 2015

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| MARCUS THOMPSON, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: COLE, Chief Judge; KETHLEDGE, Circuit Judge; OLIVER, District Judge.[*]

KETHLEDGE, Circuit Judge.   Marcus Thompson pled guilty to failing to register as a sex offender and to assaulting, resisting, or impeding a federal officer with a dangerous weapon, in violation of 18 U.S.C. §§ 2250(a) and 111.  For these offenses, the district court sentenced Thompson based on the Sentencing Guidelines for aggravated assault and assault against an official victim.  Thompson appeals his sentence, arguing that he impeded rather than assaulted a federal officer.  We affirm.

I.

The district court accepted the following account as true.  In 2002, Thompson was convicted of indecency with a child in Texas, which required him to register as a sex offender.  Several years later, he left Texas to live with his brother in Tennessee, but failed to update his

---

[*] The Honorable Solomon Oliver, Jr., Chief District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

sex-offender registration as required by state and federal law. A warrant issued for his arrest in 2011. In 2012, a federal marshal, followed by a local police officer, spotted Thompson driving through Martin, Tennessee. The two officers signaled for Thompson to stop. Thompson pulled his Suburban off the road and stopped for a moment, but then drove away. The officers gave chase.

Thompson soon lost control of his car due to slippery roads and slid into another car. The officers caught up to Thompson and got out of their cars. The marshal then walked towards the crashed cars—gun drawn—yelling at Thompson to show his hands. Thompson initially put both hands up. Once the marshal was two or three feet away from the driver's door, however, Thompson put his right hand down to shift gears (eliciting another yell from the marshal), smiled at the marshal, and floored the accelerator, sending the Suburban lurching towards the marshal. Fearing for his life, the marshal fired several shots at Thompson, hitting him twice. Thompson veered away from the marshal and then drove to his brother's house, where he was arrested.

Thompson pled guilty to failing to register as a sex offender and to assaulting, resisting, or impeding a federal officer with a dangerous weapon, in violation of 18 U.S.C. §§ 2250(a) and 111. At sentencing, however, Thompson testified that he had not intended to drive towards the marshal. Instead, he said, the Suburban had lurched towards the marshal when it became tangled with the other crashed car. The district court did not specifically find whether Thompson intended to harm or frighten the marshal; but the court determined, based in part on the marshal's testimony, that Thompson had assaulted the marshal while attempting to flee.

The court then calculated Thompson's sentence using Sentencing Guidelines § 2A2.2, which specifies a base offense level of 14 for aggravated assaults. The court also applied a six-point enhancement for assaults against official victims. U.S.S.G. § 3A1.2(c)(1). After other

adjustments, the court found that Thompson's total offense level was 21 and that his Guidelines range was 77 to 96 months. The court imposed a 77-month sentence.

This appeal followed.

II.

We review the district court's factual findings for clear error, and the Guidelines' application to a set of facts de novo. *United States v. Brika*, 487 F.3d 450, 454 (6th Cir. 2007).

Thompson challenges the application of § 2A2.2 to the calculation of his Guidelines range. That section applies to "aggravated assault," which the application notes define as "a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (*i.e.*, not merely to frighten) with that weapon; (B) serious bodily injury; or (C) an intent to commit another felony." U.S.S.G. § 2A2.2, Application Note 1. These aggravators differentiate an aggravated assault from a simple assault. *United States v. Smith*, 910 F.2d 326, 331 (6th Cir. 1990). Here, Thompson concedes that the last aggravator—intent to commit another felony—is present. Specifically, he admits that his car lurched towards the marshal during an attempt to evade arrest, which is a felony under Tennessee law. *See* Tenn. Code § 39-16-603(b)(1), (3). But Thompson argues that no underlying assault occurred.

Neither the Guidelines nor the notes define "felonious assault." In the absence of a definition, Thompson contends that Tennessee law controls. The government's position on that issue is unclear—sometimes it appears to agree that Tennessee law controls, sometimes not. We have our doubts that state law controls the definition of "felonious assault" for purposes of § 2A2.2; but strictly for purposes of our analysis here, we will answer Thompson's argument on its own terms and assume that Tennessee law controls.

Under Tennessee law, per Thompson's own formulation, the question whether he assaulted the marshal depends on whether Thompson "knowingly or intentionally caused [the marshal] to fear imminent bodily injury[.]" Appellant's Br. 15. There is no question that Thompson caused the marshal to fear imminent bodily injury, since Thompson undisputedly caused him to fear for his life. But Thompson argues that he did not inspire that fear knowingly, asserting that he did not know the marshal was nearby when he put the Suburban in gear. But the district court credited the marshal's testimony instead of Thompson's; and the marshal testified that he repeatedly yelled commands to Thompson while approaching the car, that he yelled again when Thompson put his hand down, and that Thompson smiled at him just before flooring the accelerator. These facts show that Thompson knew full well where the marshal was when Thompson put the car into gear and floored the accelerator. The record therefore supports the district court's application of § 2A2.2.

Finally, the marshal was an official victim under § 3A1.2(c)(1), so the district court properly applied that enhancement as well.

The district court's judgment is affirmed.